UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DOLCO INVESTMENT, LTD., CYPRUS,

                Plaintiff,           06 Civ. 12876

    -against-                     OPINION

MOONRIVER DEVELOPMENT, LTD., GML
LTD., and KEVIN BROMLEY,

                Defendants.

------------------------------------X



Attorneys for Plaintiff

LYONS & FLOOD, LLP
65 W. 36th Street, 7th Floor
New York, NY 10018
By: Kirk M. Lyons, Esq.
    Jon Werner, Esq.


Attorneys for Defendant

GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
By: Robert Allen Horowitz, Esq.

GREENBERG TRAURIG LLP
800 Connecticut Avenue, Northwest
Suite 500
Washington, DC 20006
By: Sanford M. Saunders, Jr.

**Sweet, D.J.**

The defendants GML, Ltd. ("GML") and Kevin Bromley ("Bromley"), collectively (the "Defendants"), have moved for an award of $207,005.25 in attorneys' fees and $14,304.12 in costs on the grounds that the plaintiff Dolco Investment, Ltd., Cyprus ("Dolco" or the "Plaintiff") maintained this action in bad faith and for improper purposes. For the reasons set forth below, the motion is denied.

## Prior Proceedings

On November 2, 2006 Dolco filed this maritime action against Moonriver, GML, and Bromley alleging that "upon information and belief" GML has been used from time to time as a vehicle to pay funds owed to Dolco, that Bromley was a director of Moonriver and GML, that Bromley and GML used Moonriver to perpetuate fraud and/or have so dominated and disregarded Moonriver's own corporate business form that it primarily transacted Bromley's personal business and GML's corporate business rather than Moonriver's own corporate business. (Compl. ¶¶ 7-10). An attachment was ordered and on December 22, 2006, Moonriver, GML and Bromley filed a Motion to Vacate Ex-Parte Order for Process or Maritime Attachment and Garnishment

1

and to Dismiss the Complaint or alternatively to require security. The Honorable Barbara Jones heard the Defendants' motion on December 28, 2006.

On December 29, 2006, Dolco notified Judge Jones that it was voluntarily dismissing its claims against Bromley. Dolco filed an Amended Complaint on December 29, 2006 and filed opposition to the Defendants' motion. On April 26, 2007, the Court entered an Order dismissing the case against GML for failure to state a claim and vacated the attachment order on multiple grounds. See Dolco Invs., Ltd. v. Moonriver Dev., Ltd., 486 F. Supp. 2d 261 (S.D.N.Y. 2007) (the "April 26 Opinion"). In the April 26 Opinion, the Court determined that: (a) only a portion of Dolco's claims were maritime in nature such as to support a Rule B attachment; (b) the maritime portion of Dolco's claims had been adequately secured by proceedings in France by virtue of the arrest of the vessel; (c) Dolco had failed to prove that funds of GML were attached and had insufficiently pled alter ego liability against GML; and (d) Dolco was permitted to file an amended complaint. (April 26 Opinion at 13-14, 18, 25-26).

On May 8, 2007, the Court conducted a pre-trial conference during which Dolco secured an extension of time,

2

until May 28, 2007, to file a motion for reconsideration. GML and Bromley noted that they intended to file a motion for attorney fees and costs incurred in defending the claims brought against them and the wrongful attachment of their assets.

The instant motion was marked fully submitted on July 11, 2007.

**The Standard for an Award**

The Court of Appeals in <u>Dow Chemical Pac., Ltd. v. Rascator Mar. S.A.</u>, 782 F.2d 329 (2d Cir. 1986), has set forth the standard for the maritime exception to the American rule with respect to an award of attorneys' fees and costs:

> While the "American Rule" is that the prevailing party in federal court litigation generally cannot recover attorneys' fees, the court does have the power to award attorneys' fees to a successful litigant when his opponent has commenced or conducted an action in bad faith, vexatiously, wantonly, or for oppressive reasons. To ensure that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes and a high degree of specificity in the factual findings of the lower courts. Whether a claim is colorable, for purposes of the bad-faith exception, is a matter of whether a reasonable

attorney could have concluded that facts supporting
the claim might be established, not whether such facts
actually had been established. Finally . . . [t]here
must be clear evidence of bad faith by a particular
party before attorneys' fees may be assessed against
him.

782 F.2d at 344 (citations, internal quotation marks, and brackets omitted); see also Am. Nat'l Fire Ins. Co. v. Kenealy, 72 F.3d 264, 270 (2d Cir. 1995) (holding that "the award of fees and expenses in admiralty actions is discretionary with the district judge upon a finding of bad faith") (quoting Ingersoll Milling Mach. Co. v. M/V Bodena, 829 F.2d 293, 309 (2d Cir. 1987)).

**Bad Faith Has Not Been Established**

Under the bad faith standard, neither meritlessness nor improper motive is individually sufficient; a party seeking attorneys' fees and costs must prove both prongs of the test by clear evidence. See Sierra Club v. United States Army Corps of Engineers, 776 F.2d 383, 390 (2d Cir. 1985).

GML and Bromley point to Dolco's decision not to assert claims against them in an arbitration in London or proceedings in France to support their claim that the Rule B attachment action here naming them as defendants was brought in

4

bad faith. The possibility that Moonriver was a shell corporation devoid of assets meant that pre-judgment security would be needed in order to ensure that any judgment obtained in London would be satisfied. That defendant Moonriver was allegedly a shell corporation without any meaningful assets other than the M/V CONSTELLATION is "very common in the maritime industry" according to the affidavit in opposition to this motion submitted by the English solicitor for Dolco. A few days after the April 26 Opinion, the CONSTELLATION was sold by Moonriver, according to the affidavit in opposition to this motion submitted by the English solicitor for Dolco.

Analysis of the first prong of the "bad faith" standard -- i.e., that the allegations are not colorable -- centers not on whether the facts supporting the claim were actually established, but whether a reasonable attorney could have concluded that facts supporting the claim might be established. See Nemeroff v. Abelson, 620 F.2d 339, 348 (2d Cir. 1980).

Bromley has contended that Dolco's voluntary dismissal against him was evidence that Dolco's alter ego claim against Bromley lacked merit.

5

Dolco's decision to dismiss its claim against Bromley without prejudice followed the first hearing on the motion to vacate in which Judge Jones was of the view that the attachment should be vacated as to Bromley. Dolco had attached approximately $47,000.00 of Bromley's funds, and according to Dolco the decision to abandon the claim against Bromley was based on a number of factors including the outcome of the London litigation between Dolco and Moonriver. The Defendants have also noted that Dolco did not take the opportunity to file an amended complaint. However, upon vacatur of the attachment, the funds were released from restraint, and thus, repleading at that point would have been of little value.

GML and Bromley have argued that Dolco's initial offer to voluntarily dismiss the action without prejudice, and subsequent threat to move to reconsider the vacatur of the attachment only upon learning of GML and Bromley's intent to seek attorneys' fees and costs, is evidence of Dolco's bad faith. GML and Bromley have also contended that Dolco's decision not to move to reconsider this Court's vacatur of the attachment is evidence of bad faith. However, the decision not to move to reconsider the vacatur of the attachment and to offer a voluntary dismissal of the action without prejudice could well

result from a tactical decision to seek to dismiss the action based on an analysis of the likelihood of a successful appeal.

There is authority in the Second Circuit that a corporate veil may be pierced and a corporation or individual may be found to be alter egos if a corporation were used by another corporation or individual to "perpetrate a fraud" or was "so dominated" and its corporate form "disregarded" such that it primarily transacted the other entity or individual's business. Kirno Hill Corp. v. Holt, 618 F.2d 982, 985 (2d Cir. 1980). In the April 26 Opinion, the Court set forth a number of factors the Second Circuit has considered in reaching a decision on the alter ego issue.

The facts set forth in the accompanying Affirmation of Peter Mavroghenis ("Mavroghenis") indicate that Dolco had knowledge of bank advice showing that two payments in the total amount of about $900,000 were made in May 2006 which originated from GML and were paid to Dolco on behalf of Moonriver under the contracts that were the subject matter of the attachment proceedings.

Evidence of improper use of funds has been held to be sufficient to support an alter ego claim. See, e.g., Wajilam

7

Exps. (Singapore) Ptd. Ltd. v. ATL Shipping Ltd., 475 F. Supp. 2d 275, 283 (S.D.N.Y. 2006) (holding that "[a] general practice of diverting revenues and commingling funds is sufficient to show alter ego liability, because it indicates, for financial purposes at least, total disregard of the corporate form."); Strojmaterialintorg v. Russian Am. Commercial Corp., 815 F. Supp. 103, 105 (E.D.N.Y. 1993) (holding that factual allegations regarding the "shuttling [of] personal funds in and out of the corporations" would suffice to support a veil piercing).

Bromley conducted the business of the CONSTELLATION at various times apparently as a director of Moonriver, GML and IFG International Limited ("IFG"). (Mavroghenis Aff. ¶ 11). Acting as a director of GML, Bromley apparently directed that Dolco transfer ownership of the CONSTELLATION to Moonriver, a company admittedly under the "direct control" of GML. (Mavroghenis Aff. ¶ 9).

GML was allegedly Moonriver's wholly-owned parent, had direct control over Moonriver and Dolco was aware of press releases involving the bankrupt Russian oil giant Yukos in which Yukos' management had declared that certain companies were not associated with it but it was found that not only were they

8

associated but they "were controlled by the shareholders for GML and were used to their advantage." (Mavroghenis Aff. ¶ 18).

A reasonable attorney could have concluded that he or she might be able to establish an alter ego relationship between GML and Moonriver. (Mavroghenis Aff. ¶ 16).

Dolco had knowledge that Bromley was a director of both Moonriver and GML, chairman of Moonriver, director and managing partner of IFG, the latter of which was one of two shareholding companies of Moonriver (as nominee), which also shared the same office address as Moonriver's correspondence address. (Mavroghenis Aff. ¶ 6). Dolco further knew that Bromley, in his capacity as director of GML, dealt with Dolco and the crew of the CONSTELLATION directly. (Mavroghenis Aff. ¶ 9).

These common directorships collectively form a base from which a reasonable attorney could have concluded that facts supporting Dolco's alter ego claims might have been established.

In sum, based on the facts known to Dolco, a reasonable attorney could have concluded that GML and Bromley so

dominated and controlled Moonriver that a court might conclude that they were alter egos.

While not successful at the pleading stage, the allegations were not frivolous under the circumstances described above, and did not constitute oppressive tactics or disobedience of court orders. The veil piercing allegation in this instance did not rise to the level of the bad faith required to for an award of attorneys' fees and costs. See Dow Chemical, 782 F.2d at 344; Kenealy, 72 F.3d at 270.

The motion is therefore denied.

It is so ordered.

**New York, N.Y.**
**December  10 , 2007**

_____
ROBERT W. SWEET
U.S.D.J.